BARLOW, (UNITED STATES v.) See Case No. 14,521.

---

## Case No. 999.

### In re BARMAN.

[14 N. B. R. 125; 3 N. Y. Wkly. Dig. 111.]

District Court, E. D. Michigan. March 29, 1876.

BANKRUPTCY — UNRECORDED CHATTEL MORTGAGE.

[1. An unrecorded chattel mortgage for a sufficient consideration is valid, as between the mortgagor and mortgagee, although possession of the mortgaged property is not taken by the latter.]

[Following Sawyer v. Turpin, 91 U. S. 114.]

[2. A chattel mortgage made more than 60 days prior to bankruptcy, for a present consideration, but not filed for record until within 60 days of bankruptcy, is valid, as against the claim of the assignee in bankruptcy.]

[Cited in Platt v. Preston, Case No. 11,219.]

[See Coggeshall v. Potter, Case No. 2,955; Douglass v. Vogeler, 6 Fed. 53. Contra, In re Leland, Case No. 8,234; In re Eldridge, Id. 4,330; Harvey v. Crane, Id. 6,178; Moore v. Young, Id. 9,782.]

In bankruptcy.
[Petition by Sigmund Rothschild, assignee of a chattel mortgage made by Abram and William Barman to Barnard Barman August 9, 1873, filed December 8, 1873, but possession not taken thereunder until January, 1874, to compel the assignee in bankruptcy of Abram and William Barman to pay over the proceeds realized by sale of the mortgaged property. The bankruptcy proceedings were commenced Feb. 5, 1874. Barnard Barman filed proof of his debt April 27, 1874, and assigned the debt to petitioner June 17, 1875. Petition granted.]

F. E. Driggs, for petitioner.
Don. M. Dickinson, for assignee in bankruptcy.

BROWN, District Judge. It is conceded in this case that the mortgage was given in August, 1873, for a loan of money then made,

and that it would have been valid, if then filed, as against bankrupt proceedings; but it is insisted that, as it was not filed until December, it must be regarded, as against creditors and the assignee of the bankrupt, as taking effect from that date. Had it been given in December, for money loaned in August, the mortgagor then being insolvent, and the mortgagee knowing the fact, it would, undoubtedly, have been void as against the assignee; but the mere failure to file it at the time it was executed would not make it invalid, unless intervening rights had accrued by attachment or subsequent conveyance or incumbrance of the property. I regard the case as settled by the opinion of the supreme court, in Sawyer v. Turpin, [91 U. S. 114,] where the court observes, with reference to a similar instrument: "Having bene executed more than four months before the petition in bankruptcy was filed, there is nothing in the case to show that it was invalid. True it was not recorded, and it may be doubted whether it was admissible to record. True no possession was taken under it by the vendee, but for neither of these reasons was it less operative between the parties. It might not have been a protection against attaching creditors, if there had been any, but there were none. It was in the power of Turpin to put it on record any day, if the recording acts applied to such an instrument, and equally within his power to take possession of the property at any time before other rights against it had accrued." In Mitchell v. Black, 72 Mass. [6 Gray,] 100, the court, in speaking of the registration of mortgages, says: "The time when the record shall be made is not specifically described by the statute, though it must, undoubtedly, precede the possession by others subsequently acquiring an interest in the mortgaged property; to prevent it passing to them, it will be sufficient that the record is made at any time before such possession is taken, though it be long after the execution of the mortgage." It was further held, in the first case above cited, that even if there had been an agreement between the mortgagor and mortgagee that the instrument should not be recorded, but should be kept secret, it would be of no importance. I think this case practically determines the one at bar, and that the prayer of the petitioner must be granted.

[NOTE. In re Oliver, Case No. 10,492, states that In re Barman was decided on the strength of Sawyer v. Turpin, 91 U. S. 114, as the supreme court had not then settled the construction to be given to the word "creditors" in the Michigan statutes, but that, the statute having since been construed in Fearey v. Cummings, 41 Mich. 376, 1 N. W. 946, the court will now follow the construction given by the state court.]